PROB 22 (Rev. 10/13)

| TRANSFER OF JURISDICTION | DOCKET NUMBER *(Transferring Court)* |
| | 1:18:CR:061-06 |

DOCKET NUMBER *(Receiving Court)*

20-60003-TP-WPD

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
| JOHN NEWTON | WESTERN DISTRICT OF MICHIGAN | SOUTHERN |

NAME OF SENTENCING JUDGE

HONORABLE PAUL L. MALONEY

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM 1/2/2020 | TO 1/1/2023 |

OFFENSE

18 U.S.C. § 1349 - Conspiracy to Commit Bank Fraud

JAN 1 6 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**PART 1- ORDER TRANFERRING JURISDICTION**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN**

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the **SOUTHERN DISTRICT OF FLORIDA** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

January 10, 2020                    /s/ Paul L. Maloney

Date                                    United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2- ORDER ACCEPTING JURISDICTION**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

01/15/2020

Effective Date                    United States District Judge

Query   Reports   Utilities   Help   What's New   Log Out

CLOSED

# United States District Court
## Western District of Michigan (Southern Division (1))
### CRIMINAL DOCKET FOR CASE #: 1:18-cr-00061-PLM-6

Case title: USA v. Romer et al
Magistrate judge case number: 1:18-mj-00026-RSK

Date Filed: 03/14/2018
Date Terminated: 08/22/2018

FILED BY_____ D.G.

JAN 1 6 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Assigned to: District Judge Paul L. Maloney

### defendant (6)

**John Newton**
*TERMINATED: 08/22/2018*

represented by **Michael J. Dunn**
Dunn Gibbons PLC
125 Ottawa Ave. NW, Ste. 230
Grand Rapids, MI 49503
(616) 458-5297
Fax: (616) 336-0001
Email: mikedunnlaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

18:1349, 18:1344 ATTEMPT AND
CONSPIRACY TO COMMIT FRAUD;
conspiracy
(1)

### Disposition

Defendant sentenced to 27 months in
custody followed by 3 years supervised
release; shall pay $93,854.00 restitution
and $100 special assessment

### Highest Offense Level (Opening)

Felony

### Terminated Counts

18:1344(1), 18:20, 18:2 BANK FRAUD
(2)

### Disposition

Dismissed upon motion by the
government

### Highest Offense Level (Terminated)

Felony

### Complaints

18 U.S.C. 1349 - ATTEMPT AND
CONSPIRACY TO COMMIT FRAUD; 18
U.S.C. 1344 - BANK FRAUD; 18 U.S.C.
1028A - AGGRAVATED IDENTITY

### Disposition

THEFT

**Plaintiff**

**USA**                                      represented by **Hagen Walter Frank**
U.S. Attorney (Grand Rapids)
The Law Bldg.
330 Ionia Ave., NW
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Email: hagen.frank@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Jennifer Smith Murnahan**
U.S. Attorney (Grand Rapids)
The Law Bldg.
330 Ionia Ave., NW
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Email: jennifer.murnahan@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Joel Scott Fauson**
U.S. Attorney (Grand Rapids)
The Law Bldg.
330 Ionia Ave., NW
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 808-2062
Email: joel.fauson@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/13/2018 | 1 | COMPLAINT as to Xavier Romer, Jelcorby Kent, John Newton, Tyrone McGowan, Virquan Smith, Amber King, Taylor Hamilton, Taylor Lawhead (Attachments: # 1 Continuation of Criminal Complaint) (Magistrate Judge Ray Kent, fhw) [1:18-mj-00026-RSK] (Entered: 02/13/2018) |
| 02/13/2018 | 10 | ATTORNEY APPEARANCE of Hagen W. Frank for USA (fhw) [1:18-mj-00026-RSK] (Entered: 02/13/2018) |
| 02/13/2018 | 11 | PENALTY SHEET re Complaint 1 as to Xavier Romer, Jelcorby Kent, John Newton, Tyrone McGowan, Virquan Smith, Amber King, Taylor Hamilton, Taylor Lawhead (fhw) [1:18-mj-00026-RSK] (Entered: 02/13/2018) |
| 02/14/2018 | 12 | ORDER SCHEDULING PROGRESSION OF CASE as to defendants John Newton, |

| | | |
|---|---|---|
| | | Amber King, Taylor Hamilton, Taylor Lawhead: preliminary hearing and detention hearing set for 2/20/2018 at 01:30 PM at 584 Federal Building, Grand Rapids, MI before Magistrate Judge Ray Kent; (Magistrate Judge Ray Kent, fhw) [1:18-mj-00026-RSK] (Entered: 02/14/2018) |
| 02/14/2018 | | WARRANT EXECUTED; defendant John Newton arrested by FBI agent William Coleman in Grand Rapids, MI (USM Control Room, mac) [1:18-mj-00026-RSK] (Entered: 02/14/2018) |
| 02/14/2018 | | (NON-DOCUMENT) ORDER APPOINTING FEDERAL PUBLIC DEFENDER as counsel for defendant John Newton; signed by Magistrate Judge Ray Kent (Magistrate Judge Ray Kent, fhw) [1:18-mj-00026-RSK] (Entered: 02/14/2018) |
| 02/14/2018 | 20 | MINUTES of FIRST APPEARANCE of defendant John Newton held before Magistrate Judge Ray Kent; defendant's request for court-appointed counsel granted; government moved for detention and defendant remanded to custody of USM pending further proceedings before the magistrate judge (Proceedings Digitally Recorded) (Magistrate Judge Ray Kent, sjc) [1:18-mj-00026-RSK] (Entered: 02/15/2018) |
| 02/14/2018 | 21 | CJA 23 financial affidavit by defendant John Newton in support of request for court-appointed counsel (sjc) [1:18-mj-00026-RSK] (Entered: 02/15/2018) |
| 02/15/2018 | | Federal Public Defender recommends that Michael J. Dunn be appointed to represent defendant John Newton (Federal Public Defender, ) [1:18-mj-00026-RSK] (Entered: 02/15/2018) |
| 02/15/2018 | | CJA 20 APPOINTMENT of Michael J. Dunn for defendant John Newton; signed by Magistrate Judge Ray Kent (Magistrate Judge Ray Kent, sjc) [1:18-mj-00026-RSK] (Entered: 02/15/2018) |
| 02/20/2018 | 39 | (RESTRICTED ACCESS) PRETRIAL SERVICES REPORT as to John Newton [Access to this document is available to the Court and temporarily available to attorney(s) for USA, John Newton only) (USPO Koon, Matthew)/jae)] [1:18-mj-00026-RSK] (Entered: 02/20/2018) |
| 02/20/2018 | 58 | MINUTES of PRELIMINARY hearing and DETENTION hearing as to defendant John Newton held before Magistrate Judge Ray Kent; government called Special Agent William B. Coleman for testimony; probable cause found; defendant waived detention and ordered detained pending further proceedings before the grand jury; bindover order and detention order to issue (Proceedings Digitally Recorded) (Magistrate Judge Ray Kent, sjc) Modified to revoke attorney access on 2/21/2018 (sjc). [1:18-mj-00026-RSK] (Entered: 02/21/2018) |
| 02/21/2018 | 45 | ORDER OF DETENTION pending trial as to defendant John Newton; signed by Magistrate Judge Ray Kent (Magistrate Judge Ray Kent, fhw) [1:18-mj-00026-RSK] (Entered: 02/21/2018) |
| 02/21/2018 | 59 | ORDER that defendant John Newton is bound over for further proceedings before the Grand Jury; arraignment and initial pretrial conference if indicted, or status conference, set for 3/15/2018 at 10:00 AM at 584 Federal Building, Grand Rapids, MI before Magistrate Judge Ray Kent; signed by Magistrate Judge Ray Kent (Magistrate Judge Ray Kent, sjc) [1:18-mj-00026-RSK] (Entered: 02/21/2018) |
| 02/22/2018 | 70 | AMENDED ORDER that defendant John Newton is bound over for further proceedings before the Grand Jury (amended to include each violation); signed by Magistrate Judge Ray Kent (Magistrate Judge Ray Kent, sjc) [1:18-mj-00026-RSK] |

| | | (Entered: 02/22/2018) |
|---|---|---|
| 02/28/2018 | 76 | NOTICE rescheduling hearing as to John Newton that was previously set for 3/15/2018 at 10:00 AM; arraignment, initial pretrial conference and/or status conference is rescheduled to 3/19/2018 at 11:30 AM at 584 Federal Building, Grand Rapids, MI before Magistrate Judge Ray Kent; (Magistrate Judge Ray Kent, fhw) [1:18-mj-00026-RSK] (Entered: 02/28/2018) |
| 03/14/2018 | 79 | INDICTMENT as to Xavier Romer, Jelcorby T. Kent, John Newton, Tyrone E. McGowan, Virquan P. Smith, Amber L. King, Taylor R. Lawhead, Taylor B. Hamilton (mlc) (Entered: 03/14/2018) |
| 03/15/2018 | 85 | PENALTY SHEET re Indictment 79 as to Xavier Romer, Jelcorby T. Kent, John Newton, Tyrone E. McGowan, Virquan P. Smith, Amber L. King, Taylor R. Lawhead, Taylor B. Hamilton (Frank, Hagen) (Entered: 03/15/2018) |
| 03/15/2018 | 88 | INITIAL PRETRIAL CONFERENCE SUMMARY STATEMENT by defendant John Newton (Dunn, Michael) (Entered: 03/15/2018) |
| 03/16/2018 | 91 | INITIAL PRETRIAL CONFERENCE SUMMARY STATEMENT by USA as to defendant John Newton (Frank, Hagen) (Entered: 03/16/2018) |
| 03/19/2018 | 106 | MINUTES of ARRAIGNMENT and INITIAL PRETRIAL CONFERENCE as to John Newton (6) held before Magistrate Judge Ray Kent; defendant pled not guilty to Counts 1-2 of the indictment; detention continued pending further proceedings before the district judge (Proceedings Digitally Recorded) (Magistrate Judge Ray Kent, sjc) (Entered: 03/19/2018) |
| 03/19/2018 | 107 | DEFENDANT'S RIGHTS as to defendant John Newton (sjc) (Entered: 03/19/2018) |
| 03/21/2018 | 110 | ORDER as to defendants Xavier Romer, Jelcorby T. Kent, John Newton, Tyrone E. McGowan, Virquan P. Smith, Amber L. King, Taylor R. Lawhead, Taylor B. Hamilton: jury trial set for 5/22/2018 at 08:45 AM at 174 Federal Building, Kalamazoo, MI before District Judge Paul L. Maloney; final pretrial conference set for 5/14/2018 at 10:00 AM at 174 Federal Building, Kalamazoo, MI before District Judge Paul L. Maloney; signed by District Judge Paul L. Maloney (Judge Paul L. Maloney, acr) (Entered: 03/21/2018) |
| 04/04/2018 | 112 | NOTICE as to John Newton: change of plea hearing is set for 4/10/2018 at 04:00 PM at 650 Federal Building, Grand Rapids, MI before Magistrate Judge Ellen S. Carmody; (Magistrate Judge Ellen S. Carmody, cbh) (Entered: 04/04/2018) |
| 04/09/2018 | 116 | PLEA AGREEMENT as to John Newton (Frank, Hagen) (Entered: 04/09/2018) |
| 04/10/2018 | 119 | MINUTES of CHANGE OF PLEA as to defendant John Newton held before Magistrate Judge Ellen S. Carmody; guilty plea entered to Count 1 of the Indictment; detention continued (Proceedings Digitally Recorded) (Magistrate Judge Ellen S. Carmody, jal) (Entered: 04/10/2018) |
| 04/10/2018 | 120 | CONSENT between defendant John Newton and counsel allowing Magistrate Judge to preside over guilty plea hearing (jal) (Entered: 04/10/2018) |
| 04/10/2018 | 121 | REPORT AND RECOMMENDATION that the guilty plea of John Newton as to Count 1 of the Indictment be accepted; objections to R&R due within 14 days; signed by Magistrate Judge Ellen S. Carmody (Magistrate Judge Ellen S. Carmody, jal) (Entered: 04/10/2018) |
| 04/11/2018 | 122 | NOTICE as to defendant John Newton: sentencing set for 8/20/2018 at 01:30 PM at |

| | | |
|---|---|---|
| | | 174 Federal Building, Kalamazoo, MI before District Judge Paul L. Maloney; defense counsel should review the obligations section of the WDMI website (Judge Paul L. Maloney, acr) (Entered: 04/11/2018) |
| 04/23/2018 | 141 | FIRST MOTION for ends of justice continuance by USA as to Xavier Romer, Jelcorby T. Kent, John Newton, Tyrone E. McGowan, Virquan P. Smith, Amber L. King, Taylor R. Lawhead, Taylor B. Hamilton, Kenneth Bernard Jones, Chauncee Lorenzo Deshawn Meyers (Attachments: # 1 Proposed Order) (Frank, Hagen) (Entered: 04/23/2018) |
| 04/23/2018 | 142 | CERTIFICATE regarding compliance with LCrimR 12.4 by USA as to Xavier Romer, Jelcorby T. Kent, John Newton, Tyrone E. McGowan, Virquan P. Smith, Amber L. King, Taylor R. Lawhead, Taylor B. Hamilton, Kenneth Bernard Jones, Chauncee Lorenzo Deshawn Meyers re FIRST MOTION for ends of justice continuance 141 (Frank, Hagen) (Entered: 04/23/2018) |
| 05/01/2018 | 157 | ORDER ADOPTING REPORT AND RECOMMENDATION 121 as to John Newton; signed by District Judge Paul L. Maloney (Judge Paul L. Maloney, acr) (Entered: 05/01/2018) |
| 07/09/2018 | 210 | (RESTRICTED ACCESS) INITIAL PRESENTENCE REPORT as to John Newton ; an objection meeting, if necessary, is scheduled for July 24, 2018, at 10:00 a.m., in Kalamazoo with this U.S. Probation Officer [Access to this document is available to the Court and attorney(s) for USA, John Newton only] (USPO Erickson, Mathew)/jrb)) (Entered: 07/09/2018) |
| 07/18/2018 | 214 | (RESTRICTED ACCESS) OBJECTION/RESPONSE to Presentence Report, 210 by defendant *John Newton* [Access to this document is available to the Court and attorney(s) for USA, John Newton only] (Dunn, Michael) (Entered: 07/18/2018) |
| 07/23/2018 | 218 | (RESTRICTED ACCESS) OBJECTION/RESPONSE to Presentence Report, 210 by USA [Access to this document is available to the Court and attorney(s) for USA, John Newton only] (Frank, Hagen) (Entered: 07/23/2018) |
| 08/07/2018 | 223 | (RESTRICTED ACCESS) FINAL PRESENTENCE REPORT as to John Newton [Access to this document is available to the Court and attorney(s) for USA, John Newton only] (USPO Erickson, Mathew)/jrb)) (Entered: 08/07/2018) |
| 08/13/2018 | 227 | SENTENCING MEMORANDUM by John Newton (Dunn, Michael) (Entered: 08/13/2018) |
| 08/13/2018 | 228 | PROPOSED ORDER *for Preliminary Order of Forfeiture* by USA as to Xavier Romer, Jelcorby T. Kent, Taylor R. Lawhead, John Newton, Amber L. King, Taylor B. Hamilton [Attorney Joel S. Fauson added to party USA(pty:pla)] (Fauson, Joel) (Entered: 08/13/2018) |
| 08/20/2018 | 240 | PRELIMINARY ORDER OF FORFEITURE; entered proposed order 228 as to Xavier Romer (1), Jelcorby T. Kent (2), Taylor R. Lawhead (5), John Newton (6), Amber L. King (7), Taylor B. Hamilton (8); signed by District Judge Paul L. Maloney (Judge Paul L. Maloney, acr) (Entered: 08/20/2018) |
| 08/20/2018 | 241 | MINUTES of SENTENCING for John Newton (6), Count 1, Defendant sentenced to 27 months in custody followed by 3 years supervised release; shall pay $93,854.00 restitution and $100 special assessment; Count 2, Dismissed upon motion by the government; defendant advised of right to appeal; held before District Judge Paul L. Maloney (Court Reporter: Kathleen Thomas) (Judge Paul L. Maloney, acr) (Entered: 08/20/2018) |

| 08/22/2018 | 247 | JUDGMENT as to defendant John Newton; signed by District Judge Paul L. Maloney (Judge Paul L. Maloney, cmc) (Entered: 08/22/2018) |
| 08/22/2018 | 248 | (RESTRICTED ACCESS) STATEMENT OF REASONS re 247 as to John Newton [Access to this document is available to the Court and attorney(s) for USA, John Newton only] (Judge Paul L. Maloney, cmc) (Entered: 08/22/2018) |
| 11/13/2018 | 317 | JUDGMENT RETURNED EXECUTED as to John Newton on October 19, 2018 (ems) (Entered: 11/14/2018) |
| 03/13/2019 | | (NON-DOCUMENT) ATTORNEY APPEARANCE of Jennifer Smith Murnahan for USA [Attorney Jennifer Smith Murnahan added to party USA(pty:pla)] (Murnahan, Jennifer) (Entered: 03/13/2019) |
| 04/01/2019 | 358 | LETTER requesting docket sheet; *docket sheet mailed to defendant 4/2/2019* (ems) (Entered: 04/02/2019) |
| 09/19/2019 | 364 | MOTION for forfeiture of property *(Motion For Final Order of Forfeiture)* by USA as to Xavier Romer, Jelcorby T. Kent, John Newton, Tyrone E. McGowan, Amber L. King, Taylor R. Lawhead, Taylor B. Hamilton (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Proposed Order) (Murnahan, Jennifer) Modified text on 9/20/2019 (ems). (Entered: 09/19/2019) |
| 09/23/2019 | 365 | FINAL ORDER OF FORFEITURE; granting motion for forfeiture of property 364 as to Xavier Romer (1), Jelcorby T. Kent (2), Tyrone E. McGowan (3), Taylor R. Lawhead (5), John Newton (6), Amber L. King (7), Taylor B. Hamilton (8); signed by District Judge Paul L. Maloney (Judge Paul L. Maloney, acr) (Entered: 09/23/2019) |
| 01/10/2020 | 376 | ORDER TRANSFERRING JURISDICTION of probationer/supervised releasee John Newton to Southern District of Florida; signed by District Judge Paul L. Maloney (Judge Paul L. Maloney, cmc) (Entered: 01/10/2020) |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.



        Defendants.

_____/       **INDICTMENT**

    The Grand Jury charges:

**COUNT 1**
(Conspiracy)

    Beginning not later than January 20, 2018, and continuing until on or about January 31,

2018, in the Southern Division of the Western District of Michigan, and elsewhere, the

Defendants,



did willfully and knowingly conspire, confederate and agree with one another to knowingly

execute a scheme or artifice to defraud banks whose deposits were then insured by the Federal

Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 1344.

## OBJECT, MEANS AND METHODS

1.      The object of the conspiracy was for Defendants to unlawfully enrich themselves at the expense of other persons and financial institutions.

2.      The Defendants accomplished this object by breaking into unoccupied vehicles of other persons, stealing purses that contained checkbooks, identification documents, access devices, and other personal property belonging to 19 other persons, whose identities are known to the grand jury and whose initials are DK, EJ, JD, GC, AM, BT, ST, MK, RK, JH, MH, LK, KL, MG, EG, DC, AC, CW and CM, and then forging checks from some of those persons made payable to others of them.

3.      Thereafter, the Defendants traveled to branches of banks that held accounts of victims whose checks had been forged and made payable to other victims and, using identification documents of the payee victims, negotiated the checks by posing as the payee victims.

18 U.S.C. § 1349
18 U.S.C. § 1344

## COUNT 2
(Bank Fraud)

Beginning not later than January 20, 2018, and continuing until on or about January 31, 2018, in the Southern Division of the Western District of Michigan, and elsewhere, the Defendants,



JOHN NEWTON,

knowingly executed, and attempted to execute, a scheme or artifice to defraud financial institutions including, but not limited to, Chase Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation.

Specifically, and as charged in Count 1 of this Indictment, which allegations are incorporated specifically and by reference and as if stated herein, the Defendants broke into parked vehicles and stole checkbooks and means of identification, including driver's licenses, and aided and abetted one another in doing so. Thereafter, the Defendants caused and directed the stolen checks to be forged and made payable to other victims of the break-ins, and then used the stolen means of identification of payee victims to negotiate, or attempt to negotiate, the forged checks for cash at the banks.

18 U.S.C. § 1344(1)
18 U.S.C. § 20
18 U.S.C. § 2

3

## COUNT 3
(Aggravated Identity Theft)

Beginning not later than January 20, 2018, and continuing until on or about January 31, 2018, in the Southern Division of the Western District of Michigan, and elsewhere, the Defendants,

did knowingly possess and use, and aid and abet others in possessing and using, without lawful authority, means of identification of other persons, namely, driver's licenses, bank cards, and credit cards belonging to other persons, during and in relation to felony violations of 18 U.S.C. §§ 1349 and 1344, namely, conspiracy to commit bank fraud and bank fraud.

Specifically, the Defendants used and possessed stolen means of identification for the purpose of forging checks which they then cashed, and attempted to cash, using other stolen means of identification as alleged in Counts 1 and 2 of this Indictment, which allegations are incorporated specifically and by reference and as if stated herein.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1028A(c)(5)
18 U.S.C. § 1028A(b)
18 U.S.C. § 1028(d)(7)

4

## FORFEITURE ALLEGATION
### (Conspiracy to Commit Bank Fraud and Bank Fraud)

The allegations contained in Counts 1 and 2 of this Indictment are hereby re-alleged and

incorporated by reference for the purpose of alleging a forfeiture pursuant to 18 U.S.C. §

982(a)(2)(A) and 18 U.S.C. § 982(b)(1).

Pursuant to 18 U.S.C. § 982(a)(2)(A), upon conviction of conspiracy to commit bank

fraud and bank fraud in violation of 18 U.S.C. §§ 1349 and 1344 as set forth in Counts 1 and 2 of

this Indictment, the Defendants,



JOHN NEWTON,

shall forfeit to the United States of America any property constituting, or derived from, proceeds

the Defendants obtained directly or indirectly, as a result of the offense.  The property to be

forfeited includes, but is not limited to, the following:  Approximately $12,841 in United States

currency seized from the Nissan Armada and Dodge Caravan the Defendants were occupying

when they were arrested on January 31, 2018.

18 U.S.C. § 982(a)(2)(A)
21 U.S.C. § 853(p)
18 U.S.C. § 982(b)(1)
18 U.S.C. §§ 1344, 1349                                   A TRUE BILL


ANDREW BYERLY BIRGE                          GRAND JURY FOREPERSON
United States Attorney


HAGEN WALTER FRANK
Assistant United States Attorney

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case

# United States District Court
## Western District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| -vs- | Case Number: 1:18-cr-061-06 |
| JOHN NEWTON | USM Number: 22038-040 |
| | Michael J. Dunn<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to Count One of the Indictment.

☐ pleaded nolo contendere to Count(s) ___, which was accepted by the court.

☐ was found guilty on Count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Offense Ended | Count No. |
|---|---|---|
| 18 U.S.C. § 1349 | January 31, 2018 | One |

Nature of Offense

Conspiracy to Commit Bank Fraud

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ Count Two is dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: August 20, 2018

DATED: August 22, 2018

   __/s/ Paul L. Maloney_____
Paul L. Maloney
United States District Judge

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case

Judgment – Page 2
Defendant: JOHN NEWTON
Case Number: 1:18-cr-061-06

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **twenty-seven (27) months**.

☒  The Court makes the following recommendations to the Bureau of Prisons:

That the defendant receive educational and vocational training (culinary arts) opportunities.
That the defendant be designated to a correctional facility close to Ft. Lauderdale, FL.

☒  The defendant is remanded to the custody of the United States Marshal.
☐  The Defendant shall surrender to the United States Marshal for this district:
    ☐  At _____ on _____.
    ☐  As notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐  Before 2:00 P.M. on _____.
    ☐  As notified by the United States Marshal.
    ☐  As notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____To _____

At _____, with a certified copy of this judgment.


                                             _____
                                             United States Marshal


                                        By: _____
                                             Deputy United States Marshal

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case

Judgment – Page 3
Defendant: JOHN NEWTON
Case Number: 1:18-cr-061-06

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**. The Court approves release to the Southern District of Florida and will favorably consider a transfer of jurisdiction to same upon request of the Probation Office.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.

2.    You must not unlawfully possess a controlled substance.

3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

       ☐    The above drug testing condition is suspended, based on the Court's determination that you pose a low risk of future substance abuse. *(Check if applicable)*

4.    ☒    You must cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable)*

5.    ☐    You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) As directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(Check if applicable)*

6.    ☐    You must participate in an approved program for domestic violence. *(Check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case

Judgment – Page 4
Defendant: JOHN NEWTON
Case Number: 1:18-cr-061-06

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the Court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with the law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.


## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.


Defendant's Signature _____        Date _____

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case

Judgment – Page 5
Defendant: JOHN NEWTON
Case Number: 1:18-cr-061-06

## SPECIAL CONDITIONS OF SUPERVISION

1.  You must participate in a program of testing and treatment for substance abuse, as directed by the probation officer, and follow the rules and regulations of that program until such time as you are released from the program by the probation officer, and shall pay at least a portion of the cost according to your ability, as determined by the probation officer.

2.  You must provide the probation officer with access to any requested financial information and authorize the release of any financial information.  The probation office will share financial information with the U.S. Attorney's Office.

3.  You must not apply for, nor enter into, any loan or other credit transaction without the approval of the probation officer.

4.  You must not create/form any new business entities during this period of supervision.

5.  You must not open any new personal or business accounts without the approval of the probation officer.

6.  If the judgment imposes a fine or restitution, you must pay the fine or restitution in accordance with the Schedule of Payments sheet of this judgment.  You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial obligation.

7.  If you are unemployed after the first 60 days of supervision, or for 60 days after termination or lay-off from employment, you must perform at least 20 hours of community service work per week, as directed by the probation officer, until gainfully employed full-time.

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case

Judgment – Page 6
Defendant: JOHN NEWTON
Case Number: 1:18-cr-061-06

## CRIMINAL MONETARY PENALTIES[1]

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the following pages.

| <u>Assessment</u> | <u>Fine</u> | <u>Restitution</u> |
|---|---|---|
| $100.00 | -0- | $93,854.00 |

☐      The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☒      The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(l), all nonfederal victims must be paid before the United States is paid.

| <u>Name of Payee</u> | Total Amount <u>of Loss</u> | Amount of <u>Restitution Ordered</u> | Priority Order or Percentage <u>of Payment</u> |
|---|---|---|---|
| Chase Bank<br>611 Woodward Avenue<br>Mail Code MI1-8007<br>Detroit, MI 48226 | $12,800.00 | $12,800.00 | |
| Fifth Third Bank<br>1830 East Paris SE<br>MD RSCB3B<br>Grand Rapids, MI 49546 | $13,005.00 | $13,005.00 | |
| Alliance Catholic Credit Union<br>26913 Northwestern Highway<br>Suit 520<br>Southfield, MI 48033 | $2,750.00 | $2,750.00 | |
| Michigan State University Federal Credit Union<br>PO Box 1208<br>East Lansing, MI 48826 | $6,805.00 | $6,805.00 | |
| Dane County Credit Union<br>709 Struck Street<br>Madison, WI 53711 | $10,300.00 | $10,300.00 | |
| Associated Bank<br>330 East Kilbourne Ave<br>Milwaukee, WI 53202 | $15,450.00 | $15,450.00 | |

---

[1]  Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case

Judgment – Page 7
Defendant: JOHN NEWTON
Case Number: 1:18-cr-061-06

| | | |
|---|---|---|
| Regions Financial Corporation<br>350 N. Water Street<br>Decatur, IL 62523 | $21,790.00 | $21,790.00 |
| S. B. | $100.00 | $100.00 |
| D. C. | $380.00 | $380.00 |
| J. and M. H. | $300.00 | $300.00 |
| D. K. | $345.00 | $345.00 |
| L. K. | $4,200.00 | $4,200.00 |
| K. L. | $115.00 | $115.00 |
| R. R. | $650.00 | $650.00 |
| C. S.-C. | $1,000.00 | $1,000.00 |
| C. V. | $108.18 | $108.18 |
| C. W. | $1,697.16 | $1,697.16 |
| Cincinnati Insurance<br>P.O. Box 18<br>Bellbrook. OH 45305<br>Claim#: 305066<br>Victim: E. and M. G. | $900.00 | $900.00 |
| Integra Insurance Group<br>(MetLife Insurance)<br>MetLife, P.O. Box 6040<br>Scranton, PA 18505<br>Claim#: TG6332841<br>Victim: A. M. | $400.00 | $400.00 |
| Progressive Auto Insurance<br>(Subrogation Payment Center)<br>24344 Networks Place<br>Chicago, IL 60673<br>Claim#: 183704759<br>Victim: C. V. | $261.82 | $261.82 |
| Acuity Insurance Co.<br>2800 S. Taylor Dr.<br>Sheboygan, WI 53081<br>Claim#: PT1738<br>Victim: C. W. | $496.84 | $496.84 |

☐      Restitution amount ordered pursuant to plea agreement:            $

☐      The defendant must pay interest on restitution and/or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options in the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case

Judgment – Page 8
Defendant: JOHN NEWTON
Case Number: 1:18-cr-061-06

☒      The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the fine.

☒ the interest requirement is waived for the restitution.

☐ the interest requirement for the fine is modified as follows:

☐ the interest requirement for the restitution is modified as follows:

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case

Judgment — Page 9
Defendant: JOHN NEWTON
Case Number: 1:18-cr-061-06

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ☒    Lump sum payment of **$100.00** due immediately, balance due

            ☐   not later than _____ , or

            ☒   in accordance with ☐ C,   ☐ D,   ☐ E, or   ☒ F, below; or

B    ☐    Payment to begin immediately (may be combined with C, D, or F, below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a
               period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the
               date of this judgment, or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period
               of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from
               imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after
               release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's
               ability to pay at that time; or

F    ☒    Special instructions regarding the payment of criminal monetary penalties:

               The restitution and/or fine is to be paid in minimum quarterly installments of $25.00 based on IFRP
               participation, or minimum monthly installments of $20.00 based on UNICOR earnings, during the period of
               incarceration, to commence 60 days after the date of this judgment.  Any balance due upon commencement
               of supervision shall be paid, during the term of supervision, in minimum monthly installments of $200.00 to
               commence 60 days after release from imprisonment.  The defendant shall apply all monies received from
               income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains
               to any outstanding court-ordered financial obligations.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan N.W., Grand Rapids, MI 49503, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒     Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate:

Xavier Romer, Jelcorby T. Kent, Virquan P. Smith, Taylor R. Lawhead, Amber L. King, and Taylor B. Hamilton, and anyone else found responsible for this offense, 1:18-cr-61.

☐     The defendant shall pay the cost of prosecution.

☐     The defendant shall pay the following court cost(s):

☒     The defendant shall forfeit the defendant's interest in the following property to the United States:

      Preliminary Order of Forfeiture issued August 20, 2018.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.